```
FILED & JUDGMENT ENTERED
       Steven T. Salata


       March  2  2022


   Clerk, U.S. Bankruptcy Court
 Western District of North Carolina
```

*Laura T Beyer*
Laura T. Beyer
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

In re: )
)
**RICHARD JOHN KISIELKA**, )  Chapter 13
)  Case No. 18-30843
Debtor. )
)

## ORDER DENYING DEBTOR'S MOTION TO AMEND MEANS TEST AND MODIFY PLAN

**THIS MATTER** is before the court on the Debtor's Motion to Amend the Means Test and Modify the Chapter 13 Plan to Treat the Plan as Complete ("Motion") filed on January 31, 2022.  The court held a hearing on the Motion on February 22, 2022, and the Debtor's attorney and the Chapter 13 Trustee appeared at the hearing.[1]

The Debtor's Chapter 13 plan, as confirmed on August 15, 2018, originally called for payments of $2775 per month to pay 28% of the Debtor's unsecured debt.[2] The Debtor's Official Form 122C-1 (Chapter 13 Statement of Your Current Monthly

---

[1] The court held the February 22 hearing by telephone due to the Covid pandemic.

[2] While the Debtor's plan and the August 15, 2018 Order Confirming Plan do not specify a particular plan term, the math (the amount of the monthly payments and the required dividend) results in a term of approximately 60 months.

Income and Calculation of Commitment Period) ("Means Test") required a 60-month "applicable commitment period" for his plan because the Debtor had "above-median" income, and the non-exempt equity in his bankruptcy estate required the 28% dividend. After the Debtor sold his residence in mid-2021 (in a transaction that the Debtor's plan did not require), the Trustee applied a portion of the net sale proceeds to the Debtor's plan, and the plan reached the 28% dividend early. Since the Debtor was still short of the 60-month term required by his plan, the Trustee filed a Motion of Trustee to Modify Plan on October 29, 2021 to change the plan from a 28% composition plan to a base plan with a 60-month term, with no change in the plan payment amount.[3] Neither the Debtor nor any other parties in interest responded to the Trustee's "no protest" motion, and the court entered an order granting the relief sought by the Trustee on November 30, 2021 without a hearing.

The Debtor subsequently filed the Motion to amend his Means Test pursuant to Federal Rule of Bankruptcy Procedure 1009(a)[4] and modify his plan. The Debtor seeks to exclude his VA disability and Social Security benefits from the Means Test, "which will result in the Debtor being under median and eligible to finish his plan in thirty-six (36) months instead of sixty (60) months" according to the Motion. The Motion cites Mort Ranta v. Gorman, 721 F.3d 241 (4th Cir. 2013), for support. The

---

[3] There are two types of Chapter 13 plans: (1) "composition" plans that pay a particular percentage to unsecured creditors without reference to a set plan length (but subject to the other requirements of the Bankruptcy Code, such as the applicable commitment period), and (2) "base" plans that pay a total amount over a certain number of months.

[4] Federal Rule of Bankruptcy Procedure 1009(a) provides that "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed."

Trustee filed a response to the Motion and requested a hearing, but she did not oppose the relief sought by the Debtor.

The Motion is fatally flawed in several respects. First, despite the representation to the contrary in the Motion, the Debtor's original Means Test (correctly) does not include his Social Security income. Next, Mort Ranta holds that Social Security income should not be included in the determination of a debtor's "projected disposable income," 721 F.3d at 253, but it does not pass on or even mention VA disability benefits. Given that the Debtor's original Means Test properly excluded his Social Security income, Mort Ranta does not support the relief requested by the Debtor. The support for excluding VA disability benefits from a debtor's projected disposable income is the Honoring American Veterans in Extreme Need ("HAVEN") Act, but the HAVEN Act became law in 2019, the year after the Debtor proposed his plan and the court confirmed it. Therefore, the Debtor properly included his VA disability benefits in his Means Test.

Even though the Motion contains significant errors of law and fact, its premise might be a bigger problem. The Debtor proposes that a change in his Means Test, which looks at his income during the six full months prior to the commencement of his case (or December 2017 through May 2018), will justify a modification of his plan in February 2022. There is some debate over whether the applicable commitment period applies to post-confirmation plan modifications at all. Compare, e.g., In re White, 411 B.R. 268, 275 (Bankr. W.D.N.C. 2008) ("[T]he court holds that the debtor's post-confirmation modifications pursuant to § 1329(a) need

not comply with the requirements of § 1325(b)(1)(B) and, therefore, are not subject to a 60 month applicable commitment period as asserted by the Trustee."), with In re Buck, 443 B.R. 463, 470 (Bankr. N.D. Ga. 2010) ("[T]his court holds that § 1329 does not permit Debtors, as above-median income debtors, to reduce their [applicable commitment period] below 60 months."). Regardless of whether the applicable commitment period does or does not apply to plan modifications, a post-confirmation amendment of the Debtor's Means Test is of limited utility and would not affect the binding nature of the orders entered in this case. See 11 U.S.C. § 1327(a) ("The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."); Storey v. Pees (In re Storey), 392 B.R. 266, 272 (B.A.P. 6th Cir. 2008) ("[W]e conclude that § 1327 precludes modification of a confirmed plan under § 1329 to address issues that were or could have been decided at the time the plan was originally confirmed." (citing Cline v. Welch (In re Welch), No. 97-5080, 1998 WL 773999, at *2 n. 1 (6th Cir. 1998); 8 COLLIER ON BANKRUPTCY ¶ 1329.03 (15th ed. rev. 2008)); see also United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 275 (2010) (holding that confirmed Chapter 13 plans are binding even if they contain provisions contrary to the Bankruptcy Code).

The question before the court is not whether the Debtor can amend his Means Test. The question is whether an amendment would have any impact on the requirements of the August 15, 2018 Order Confirming Plan and/or the November

4

30, 2021 Order that modified the Debtor's plan to a base plan with a 60-month term, and the answer is that it would not.  If the Debtor wants to modify his plan at this point, he needs to satisfy 11 U.S.C. § 1329, including an allegation of a substantial and unanticipated post-confirmation change in circumstances pursuant to the Fourth Circuit's holdings in <u>Arnold v. Weast (In re Arnold)</u>, 869 F.2d 240 (1989), and <u>Murphy v. O'Donnell (In re Murphy)</u>, 474 F.3d 143 (2007).

Accordingly, the Motion is hereby **DENIED** without prejudice to the Debtor seeking a plan modification pursuant to the appropriate law and facts.

**SO ORDERED**.

This Order has been signed
electronically. The Judge's
signature and Court's seal
appear at the top of the Order.

United States Bankruptcy Court